IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID GILBERG, <br> TERESA LEONARD, <br> DOUGLAS STOKES, <br> <br>           Plaintiffs, <br> <br> vs. <br> <br> <br> ASSOCIATED WHOLESALE GROCERS, <br> <br> TODD COOPER, <br> <br>    and <br> <br> JOHN DOES 1-10, <br> <br>           Defendants. | Case No. 6:15-cv-03365-MDH <br> Consolidated |

## AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Douglas R. Stokes, by and through the undersigned counsel, and for his Amended Petition for damages against Defendant Associated Wholesale Grocers, Inc. states as follows:

### Venue and Jurisdiction

1. Plaintiff Douglas R. Stokes (hereinafter "Plaintiff") is a resident of Miller, Lawrence County, Missouri.

2. Plaintiff is 57 years old.

3. Defendant Associated Wholesale Grocers, Inc. (hereinafter "AWG") is a Kansas corporation organized and existing under the laws of the state of Kansas. AWG may be served through its registered agent in Missouri, CT Corporation System, 120 South

Central Ave, Clayton, Missouri.

4. AWG is engaged in business in the State of Missouri. At all times relevant hereto and continuing to the present, AWG operates a warehouse facility and related management and other business operations in Springfield, Missouri, Greene County. AWG directly employed Plaintiff for nearly 30 years and has continuously operated business in Missouri and in Greene County during the course of his employment.

5. This Court has proper jurisdiction and venue.

6. John Doe Defendants 1-10 are unknown administrative and managerial employees of AWG who unfairly targeted Plaintiff due to his age and upcoming vesting of pension benefits and made the decision to terminate Plaintiff's employment.

7. Upon information and belief, John Doe Defendants 1-10 are Missouri residents who work at AWG's Springfield, Missouri operations.

8. The causes of action asserted herein sound in tort.

9. The injuries suffered by Plaintiff on account of the actions of AWG were first sustained in Greene County, Missouri.

10. Plaintiff seeks damages in excess of $25,000.00.

11. Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights and the Federal Equal Employment Opportunity Commission.

12. On April 13, 2015, the Missouri Commission on Human Rights issued a Right to Sue Letter permitting Plaintiff to file a claim in circuit court. On April 29, 2015, the EEOC issued a Right to Sue Letter to Plaintiff. True and correct copies of the Right to Sue Letters are attached hereto as Exhibit A and incorporated herein by reference.

13. It has been less than ninety (90) days since the Right to Sue Letters were first issued.

14. Defendant AWG has had more than fifteen (15) employees in the last calendar year.

15. At all times relevant hereto, John Doe Defendants 1-10 were managerial and administrative employees of AWG, acting in the interests of AWG.

### Common Operative Facts

16. AWG hired Plaintiff in July 1984 as a warehouse employee. He was promoted to the position of Supervisor less than a year later, and he served in various Supervisor capacities until he was terminated after nearly 30 years of employment with AWG in April 2014.

17. During the course of Plaintiff's employment with AWG, he was an outstanding employee. He received excellent performance reviews. His most recent performance review indicated he was excellent in all categories. He was a hard worker who exceeded all goals for his position, got along with the people he supervised as well as management, rarely missed work, and frequently worked over 50 hours per week. He was never disciplined during the course of his nearly 30 years with AWG.

18. Plaintiff was a member of the Associated Wholesale Grocers, Inc. Restated Retirement Plan (hereinafter "AWG Pension Plan"). In recent years, AWG discontinued offering pension benefits to supervisory workers in order to save money.

19. Plaintiff's Normal Retirement Date according to the AWG Restated Retirement Plan was 10/1/2022, and Plaintiff was less than 3 years from turning 60 years old, which would have significantly increased his eligible pension benefits.

20. During his employment with AWG, Plaintiff suffered from a heart condition, and sought medical treatment for, and was ultimately diagnosed with, medical conditions that substantially limited one or more major life activities. Accordingly, at all times relevant

3

hereto, Plaintiff suffered with a disability or disabilities pursuant to the ADAA and MHRA.

21. Notwithstanding Plaintiff's disabilities and/or health conditions, he was capable of performing the essential functions of his job as a Supervisor.

22. Due to his heart and other health conditions, Plaintiff's physicians recommended that he decrease stress at work.

23. Plaintiff notified AWG of his health conditions, and requested reasonable accommodations to reduce his stress at work.

24. AWG failed to provide reasonable accommodations to reduce Plaintiff's stress at work.

25. In response to Plaintiff's request, AWG re-assigned Plaintiff's assistant, requiring him to do the work of his former assistant along with his normal Supervisor job duties. The stress caused by this increased workload caused Plaintiff to have further health problems.

26. As a result of Plaintiff's heart problems and other health issues, he incurred high health care costs, which were covered by health insurance provided by AWG.

27. AWG managers complained about high health insurance costs incurred by AWG employees.

28. It was a common practice among all AWG employees with an AWG email address to send and receive joke and personal emails using their work email. This was common among managerial, administrative, supervisory and warehouse employees.

29. Personal and joke emails frequently contained jokes or pictures containing sexual or suggestive content, jokes about racial or ethnic groups, and political jokes or opinions. If someone complained about emails that were perceived as offensive, the person sending the email was asked to stop doing so, but no employees were terminated for sending or

4

receiving such emails.

30. In March 2014, Plaintiff's fellow employee Teresa Leonard, who is over 50 years old and also a member of the AWG Pension Plan, printed a personal joke email and showed it to another employee. Teresa Leonard was fired on April 4, 2014.

31. On or about April 25, 2014, AWG asked Plaintiff to sign an email policy, forbidding employees from using AWG's email system for personal emails. Plaintiff signed the policy, and thereafter he did not send any personal emails.

32. On Monday, April 28, 2014, Plaintiff was instructed to go to the Human Resources office. There, he met with several members of the Springfield Human Resources department, and they told him he was fired for violating the company's email policy. They showed Plaintiff a stack of emails, many of which he had received from other people, and many of which were several years old. They did not allow Plaintiff to examine or discuss the emails, nor did they offer him any opportunity to object or discuss the matter.

33. At the time he was terminated, Plaintiff was one of the oldest Supervisors in the Springfield division of AWG, and therefore one of the closest in age to being able to retire with full benefits from the AWG Pension Plan.

34. After Plaintiff was terminated, Plaintiff's job duties were replaced with a younger worker.

### Count I: Age Discrimination in Violation of MHRA

35. Plaintiff adopts and realleges the allegations previously set forth at Paragraphs 1 through 35 by reference.

36. Plaintiff's age was a contributing factor in the decision-making process to terminate him.

5

Case 6:15-cv-03365-MDH   Document 40   Filed 01/06/16   Page 5 of 9

37. AWG's stated reason for terminating Plaintiff for violating the company's email policy was a pretext to terminate him due to his age.

38. John Doe Defendants 1-10 had a role in making the determination to terminate Plaintiff's employment.

39. Defendant's unlawful discriminatory practices because of Plaintiff's age were in violation of the Missouri Human Rights Act (MHRA) at § 213.055 RSMo.

40. Defendant's unlawful discriminatory practices directly caused Plaintiff to suffer lost wages, diminished future earnings, lost pension income, lost employment benefits, emotional distress, humiliation, and embarrassment.

41. Defendants knowingly, willfully, intentionally or recklessly committed unlawful discriminatory practices against Plaintiff because of his age in violation of the MHRA, which entitles him to an award of punitive damages.

42. Because of Defendants' unlawful discriminatory practices against Plaintiff, he has incurred reasonable attorney's fees, expenses, and costs to pursue his discrimination charge with the MCHR and to seek judicial relief in this Court.

43. Pursuant to the MHRA, § 213.111 RSMo, Plaintiff is entitled to, and hereby requests, an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

44. Plaintiff requests trial of his claims against Defendants by jury.

WHEREFORE, Plaintiff prays for an award of damages against Defendants, jointly and severally, in an amount determined to be fair and reasonable, for an award of attorney's fees, for post-judgment interest at the highest lawful rate on any judgment rendered, for punitive damages sufficient to deter Defendants, and similarly-situated Defendants, from like actions

6

Case 6:15-cv-03365-MDH   Document 40   Filed 01/06/16   Page 6 of 9

in the future; and for such other and further relief as the Court deems just and proper.

## Count II: Disability Discrimination in Violation of MHRA

45. Plaintiff adopts and re-alleges the allegations previously set forth at Paragraphs 1 through 44 by reference.

46. At various times throughout his employment with AWG, Plaintiff requested reasonable accommodations due to his health conditions as required by the MHRA.

47. AWG failed to provide Plaintiff with a reasonable accommodation in violation of the MHRA.

48. Ultimately, AWG terminated Plaintiff's employment on account of his disability in violation of the MHRA.

49. In addition and/or in the alternative, AWG terminated Plaintiff's employment because it perceived or regarded Plaintiff as an individual with a disability in violation of the MHRA.

50. In addition and/or in the alternative, Plaintiff's disability was a factor in determining to terminate his employment at AWG.

51. AWG's actions were willful, performed in bad faith, and without reasonable basis.

52. Plaintiff believes and avers that his position was replaced and/or his job duties reassigned to individuals not suffering from a disability.

53. Defendant's unlawful discriminatory practices directly caused Plaintiff to suffer lost wages, diminished future earnings, lost pension income, lost employment benefits, emotional distress, humiliation, and embarrassment.

54. As a direct and proximate result of Defendant's violations of the MHRA, Plaintiff is entitled to recover attorney fees and costs in an amount to be proven at trial.

55. The intentional discrimination, disparate treatment, and violations of the MHRA were engaged in by Defendant with malice and reckless indifference to Plaintiff's statutorily protected rights. AWG has made no good faith effort to comply with the MHRA. Therefore, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendants, jointly and severally, in an amount determined to be fair and reasonable, for an award of attorney's fees, for post-judgment interest at the highest lawful rate on any judgment rendered, for punitive damages sufficient to deter Defendants, and similarly-situated Defendants, from like actions in the future; and for such other and further relief as the Court deems just and proper.

### Count III: Retaliation

56. Plaintiff adopts and re-alleges the allegations previously set forth at Paragraphs 1 through 55 by reference.
57. Plaintiff's request for a reasonable accommodation constitutes a protected activity pursuant to the MHRA.
58. AWG retaliated against Plaintiff and subjected Plaintiff to ongoing discrimination and disparate treatment including, without limitation, failing to provide reasonable accommodations, in retaliation for Plaintiff's requests for reasonable accommodations.
59. AWG retaliated against Plaintiff and subjected him to ongoing discrimination and disparate treatment, including, without limitation, terminating Plaintiff's employment April 28, 2014, in retaliation for Plaintiff's requests for reasonable accommodations.
60. Defendant's unlawful discriminatory practices directly caused Plaintiff to suffer lost wages, diminished future earnings, lost pension income, lost employment benefits, emotional distress, humiliation, and embarrassment.

61. As a direct and proximate result of Defendant's violations of the MHRA, Plaintiff is entitled to recover attorney fees and costs in an amount to be proven at trial.

62. The intentional discrimination, disparate treatment, and violations of the MHRA were engaged in by Defendant with malice and reckless indifference to Plaintiff's statutorily protected rights. In addition, AWG has made no good faith effort to comply with the MHRA. Therefore, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendants, jointly and severally, in an amount determined to be fair and reasonable, for an award of attorney's fees, for post-judgment interest at the highest lawful rate on any judgment rendered, for punitive damages sufficient to deter Defendants, and similarly-situated Defendants, from like actions in the future; and for such other and further relief as the Court deems just and proper.

EVANS & DIXON, LLC

By: _____
Jennifer R. Hargis, Missouri Bar No. 55143
E: jhargis@evans-dixon.com
4905 S. National Ave., Building B
Springfield, Missouri 65810
T: (417) 882-4700 / F: (417) 882-4927
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this __6__ day of January, 2016, I electronically filed the foregoing document with the U.S. District Court for the Western District of Missouri, Southern Division, by using the CM/ECF system with notice of the filing generated and sent electronically by the Court's CM/ECF system to all parties entitled to service.

Karen R. Glickstein
Katharine K. Sangha
Polsinelli, P.C.
900 West 48th Place, Suite 900
Kansas City, MO 64112

_____
Jennifer R. Hargis