IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID GILBERG, DOUGLAS R. STOKES, and TERESA LEONARD, ) ) ) Plaintiffs, ) ) v. ) ) ASSOCIATED WHOLESALE GROCERS, ) INC., TODD COOPER, and JOHN DOES 1-10, ) ) Defendants. ) | Case No. 6:15-cv-03365-MDH |

## ORDER

Upon review of the parties' briefing on the issue of subject matter jurisdiction, the Court finds subject matter jurisdiction exists over the claims in this action and the Court will exercise its broad discretion to retain jurisdiction over any supplemental state law claims.

## I. BACKGROUND

This consolidated case involves three separate lawsuits filed by former employees of Associated Wholesale Grocers, Inc. ("AWG") who allege they were wrongfully terminated. At the outset, each Plaintiff brought claims for age discrimination in violation of the Missouri Human Rights Act ("MHRA") and intentional interference with pension benefits in violation of Section 10 of the Employee Retirement Income Securities Act ("ERISA"). Plaintiff Stokes brought an additional claim for disability discrimination/retaliation in violation of the Americans with Disabilities Act ("ADA") and MHRA, and Plaintiff Leonard brought an additional claim for gender discrimination in violation of the MHRA. Each Plaintiff sued AWG and various unnamed "John Doe" defendants in their petitions. Plaintiff Leonard also sued her alleged supervisor, Todd Cooper.

Defendants removed each of the three cases to federal district court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  Plaintiffs did not contest the Court's subject matter jurisdiction.  The Court thereafter granted the parties' joint motion to consolidate the cases for purposes of discovery.[1]  Approximately two months after consolidating the cases, Plaintiffs jointly moved to voluntarily dismiss their ERISA Section 10 claims without prejudice.  The Court granted Plaintiffs' request.  Around the same time, Plaintiff Stokes requested leave to file an amended petition removing references to the ADA in his disability discrimination claim.  The Court granted Plaintiff Stokes' unopposed request.  In light of the dismissal of the federal claims in the three consolidated cases, the Court *sua sponte* ordered the parties to show cause why the remaining supplemental claims should not be remanded to state court pursuant to 28 U.S.C. § 1367(c)(3).

Defendants submitted a response arguing federal question jurisdiction continues to exist because Plaintiffs' age discrimination claims under the MHRA are preempted by ERISA.  Defendants further argue the Court has diversity jurisdiction over the claims brought by Plaintiff Gilberg and Plaintiff Stokes because AWG is a citizen of Kansas, Plaintiffs are citizens of Missouri, and each Plaintiff seeks damages in excess of $75,000.  Defendants argue that, even assuming federal question jurisdiction does not continue to exist over Plaintiff Stokes' claims, principles of judicial economy dictate that the Court should retain supplemental jurisdiction over Plaintiff Stokes' claims.  Plaintiffs argue, conversely, that their MHRA claims are not preempted by ERISA and that complete diversity does not exist.  Plaintiffs argue the forum defendant rule actually prohibits removal in this case because Todd Cooper and the John Doe defendants are citizens of Missouri.  Plaintiffs argue, finally, that principles of judicial economy dictate that the Court should remand this matter.

---

[1] The Court deferred ruling on consolidation for purposes of trial until a later time.

## II. DISCUSSION

Here, even assuming Plaintiffs' state law age discrimination claims are not preempted by ERISA,[2] the Court is satisfied that subject matter jurisdiction continues to exist in this case and that principles of judicial economy, convenience, and fairness dictate that the Court should retain jurisdiction over any supplemental state law claims.

As an initial matter, the Court notes the claims filed herein were properly removed to federal district court on the basis of federal question jurisdiction and supplemental jurisdiction, and the subsequent dismissal of Plaintiffs' ERISA and ADA claims did not divest the Court of subject matter jurisdiction. *See generally Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640, 129 S. Ct. 1862, 1867, 173 L. Ed. 2d 843 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision declining to exercise that statutory authority was not based on a jurisdictional defect but

---

[2] Although not dispositive to this ruling, Defendants make a persuasive argument that federal question jurisdiction continues to exist in these cases because Plaintiffs' MHRA age discrimination claims are preempted by ERISA. *See generally Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("There is an exception . . . to the well-pleaded complaint rule. When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of those statutes."); *McLain v. Anderson Corp.*, 567 F.3d 956, 964 (8th Cir. 2009) (state law causes of action that duplicate, supplement, or supplant the ERISA civil enforcement scheme, that arise from a duty created by ERISA, or that provide a separate vehicle to assert a claim for benefits outside of or in addition to ERISA's remedial scheme are all pre-empted).

A review of relevant case law reveals that ERISA preemption generally applies where the plaintiff alleges the plaintiff's eligibility for increased benefits was a motivating factor in the determination to discharge the plaintiff, whereas ERISA preemption generally does not apply where the plaintiff alleges the plaintiff was unlawfully discriminated against and, as a result of such discrimination, lost ERISA benefits among other things. *See generally Brand v. Kansas City Gastroenterology & Hepatology, LLC*, 547 F. Supp. 2d 1001, 1006 (W.D. Mo. 2008); *Mayfield v. Luthern Senior Servs.*, No. 4:09CV1258 JCH, 2009 WL 3526361, at *2 (E.D. Mo. Oct. 26, 2009) (collecting cases and distinguishing cases at footnote 5). Here, like the plaintiff in *McLain*, Plaintiffs' original and amended petitions include allegations that tend to show Plaintiffs were terminated on the basis of both age and in order to avoid paying out full and increased pension benefits. *See McLain v. Andersen Corp.*, 567 F.3d 956, 965-66 (8th Cir. 2009). Even after removing their express ERISA claims, the factual allegations in Plaintiffs' petitions largely surround Plaintiffs' pension benefits and Defendants' desire to reduce costs and avoid paying them. *See, e.g.,* Pl. Stokes Am. Compl. (Doc. 40) at ¶¶ 6, 18-19, 30, 33. Moreover, reviewing the petitions in conjunction with one another, it appears Plaintiffs are attempting to paint the picture that AWG engaged in efforts to terminate older employees for illegitimate reasons or under false pretenses in order to avoid paying out significantly increased eligible pension benefits.

3

on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them."); *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Associates, Inc*., 77 F.3d 1063, 1067-68 (8th Cir. 1996) ("The existence of this jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated."). The law is clear that a federal district court retains jurisdiction over supplemental state law claims even after all of the federal claims have been dismissed and it is within the court's discretion to decide whether to exercise supplemental jurisdiction based on factors such as judicial economy, convenience, fairness, and comity. *See* 28 U.S.C. § 1367(c)(3); *Brown v. Mortgage Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006).

Section 1367(c)(3) allows a district court to remand supplemental state law claims only where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Although Defendants did not originally cite diversity jurisdiction as a basis for the Court's subject matter jurisdiction, Defendants are correct that diversity jurisdiction currently exists[3] as to the claims of Plaintiff Gilberg and Plaintiff Stokes.[4] Plaintiffs do not dispute that AWG and Gilberg/Stokes have diverse citizenship nor do Plaintiffs dispute that each Plaintiff seeks damages in excess of $75,000. *See* 28 U.S.C. § 1332. Rather, Plaintiffs argue that complete diversity is lacking because at least some of the John Doe defendants reside in the State of Missouri. Plaintiffs' argument is unavailing at this time. The removal statute clearly

---

[3] Such diversity jurisdiction also existed at the time of removal.

[4] Each Plaintiff should be considered separately for purposes of determining diversity jurisdiction. *See generally Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Johnson v. Manhattan Ry*., 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933)) ("consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."); *Abdel-Ghani v. Target Corp.*, No. 14-CV-3644 PJS/JJK, 2015 WL 1292568, at *2 (D. Minn. Mar. 23, 2015) (citing *Cella v. Togum Constructeur Ensemleier en Industrie Alimentaire*, 173 F.3d 909, 912–13 (3d Cir. 1999)) ("Thus, the two cases would remain separate for purposes of diversity jurisdiction.").

4

states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).  Although the identification of a non-diverse John Doe defendant after removal and before final judgment can destroy diversity jurisdiction, Plaintiffs Gilberg and Stokes have not yet requested leave to amend their petitions to substitute the specific identity for any of the various John Doe defendants.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951-52 (10th Cir. 2008); *see generally Lutz v. Pickle*, No. 4:14CV1775 TCM, 2015 WL 2412194, at *2 (E.D. Mo. May 20, 2015) (citing cases from First, Fifth, Sixth, and Tenth Circuits).  Furthermore, while not dispositive, the Court notes that the deadline for the parties to submit motions to amend the pleadings under the Court's scheduling order was December 15, 2015.  In sum, because the petitions of Plaintiff Gilberg and Plaintiff Stokes currently name parties who are wholly diverse, diversity jurisdiction exists as to their claims and the Court does not have discretion to remand those claims under Section 1367(c)(3).

In light of the above finding that the Court has diversity jurisdiction over the claims of Plaintiff Gilberg and Plaintiff Stokes, the Court finds it is appropriate to continue exercising supplement jurisdiction over Plaintiff Leonard's state law claims.  Within their response to the Court's show cause order, Plaintiffs state as follows:

> Plaintiffs agree that, for the purposes of judicial economy, convenience, consistency, and fairness, these cases should remain consolidated.  Much of the discovery will be the same in all three cases, and it would be extremely inefficient and risk inconsistency of judgments to separate these cases for discovery and trial.

Doc. 43, at 10.[5]  Defendants agree that "[t]his Court should therefore exercise its discretion and retain jurisdiction over Leonard's claims so that all three cases remain together, as all three lawsuits share factual allegations, common witnesses, and a common defendant."  Doc. 48, at 7.

---

[5] Plaintiffs went on to conclude that "[b]ecause this Court does not have jurisdiction over Leonard's claims, it should remand all three cases, keeping them consolidated."  Doc. 43, at 10.

5

The Court agrees that common law principles of judicial economy, convenience, and fairness are better served by keeping the three cases consolidated. Therefore, the Court will continue exercising supplemental jurisdiction over Plaintiff Leonard's supplemental state law claims.

### III. DECISION

The Court has subject matter jurisdiction in this case and principles of judicial economy, convenience, and fairness dictate that the Court should retain supplemental jurisdiction over Plaintiff Leonard's remaining state law claims. The stay in this case is hereby lifted and the parties shall resume litigation in accordance with the Court's scheduling order. If the parties require an extension of the deadlines contained in the Court's scheduling order, they shall so advise the Court through a separate written motion.

**IT IS SO ORDERED**.

Dated: February 23, 2016

                                         */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **UNITED STATES DISTRICT JUDGE**